**NOT FOR PUBLICATION**

FILED

AUG 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GERARDO CASTILLO MENDEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    15-72350

Agency No. A200-883-320

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges

Gerardo Castillo-Mendez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition.

Castillo-Mendez claims the BIA erred by failing to address the IJ's partial adverse credibility determination. However, where the BIA assumes an alien is credible rather than reviewing the IJ's adverse credibility finding, we assume credibility rather than reviewing the IJ's credibility determination. *See Barazza Rivera v. I.N.S.*, 913 F.2d 1443, 1449–50 (9th Cir. 1990).

Castillo-Mendez argues that he is entitled to asylum, but he does not challenge the BIA's finding that his asylum application was barred as untimely. *See* 8 C.F.R. § 1208.4(a). Review of this issue is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Castillo-Mendez's asylum claim fails.

Castillo-Mendez's withholding of removal claim also fails. Substantial evidence supports the BIA's conclusion that neither Castillo-Mendez nor his

family suffered threats or any physical harm rising to the level of past persecution. *See Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000).

Castillo-Mendez claims he was and will be persecuted on the basis of his membership in three social groups: (1) United States returnees; (2) persons "living in a small village of 300 houses in the state of Mexico"; and (3) his family. The BIA did not err in finding that the first proposed social group is not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

Substantial evidence also supports the BIA's conclusion that the persecution Castillo-Mendez fears at the hands of Mexican gangs would be motivated solely by "pecuniary gain," rather than because Castillo-Mendez is a member of either of the latter two social groups. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Because we conclude that there is no nexus at all between the persecution Castillo-Mendez fears and Castillo-Mendez's membership in his proposed social groups, Castillo-Mendez's case does not require a "mixed motives" inquiry. *See Barajas-*

*Romero v. Lynch*, 846 F.3d 351, 356-61 (9th Cir. 2017). Thus, Castillo-Mendez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Castillo-Mendez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**